The 4th District Appellate Court of the State of Illinois has now convened. The Honorable Craig H.D. Armon presiding. Morning, Counsel. We'll call the case 419-0431, People v. Larry Lingo. Counselor for the Appellant, could you please state your name for the record? Jerry Jefferson, and I apologize, it's not correct on the screen. Alright. And Counsel for the Appellate, could you please state your name? Linda McLean. Alright, thank you. Counsel, you may proceed. May it please the Court, Counsel, my name is Jerry Jefferson with the Office of the State Appellate Defender, representing Larry Lingo. Today we're asking this Court to find that the trial court did not comply with Rule 402A, when it neglected to advise Mr. Lingo prior to accepting his admission to the petition to revoke, that any prison sentence following his admission could be imposed consecutively to the prison sentences he was already serving, and that the trial court knew he was serving at the time it accepted his admission. The facts are straightforward. Briefly, Mr. Lingo pleaded guilty and was placed on probation. While on probation, he was convicted and sentenced in two unrelated cases to five years and two years consecutively, so a seven-year aggregate term. The State filed a petition to revoke based on those unrelated defenses. Mr. Lingo admitted to the petition, and the trial court gave him three years consecutive to the seven-year sentence he was serving at the time. How many prison sentences had Mr. Lingo served at that point? He was serving two consecutive sentences at the time of the admission. Yeah, how many other prison sentences had he served at that point? I'm not aware, Your Honor, and I apologize. But at the time he was serving, and I think this is critical, at the time he admitted, he was serving two prison sentences, two consecutive, seven-year aggregate term. And so really the question— How many times had he been to prison? I'm not sure, Your Honor. More than five? Your Honor, I'm unsure. I don't have the record in front—I don't have the PSI in front of me. The reason I ask is, have you ever known a criminal defendant with multiple previous felony convictions and sentences at the penitentiary who wasn't well-versed in consecutive and concurrent sentencing? On this record, you know, we're not sure what Mr. Lingo was versed in as far as consecutive and concurrent sentencing. What we do know is that the purpose of Rule 402A is to ensure that Mr. Lingo got to process. And so the question is, you know, whether the trial court's admonishment would tell an ordinary person in the probationer's shoes the consequences of his admission. So does he understand what he could possibly receive as a result of admitting the petition? And here, based on trial court's admonishment, the answer has to be no. Mr. Jefferson? Yes. You mentioned Rule 402A. Where in Rule 402A does it require the trial court admonish your client in the way that you're suggesting the trial court should have? So Rule 402A does not explicitly require the trial court to admonish a probationer to consecutive sentences. But again, I would return to this idea that the due process underlies all of this. It's more than just a list of things. It's a flexible standard. We're really talking about fundamental fairness, right? It underlies this. It's the underlying principle of due process. And here, where the trial court... We're talking about the requirements of Supreme Court rules, aren't we? We are. They're not suggestions. They tell you they're rules, time and time again. What does 402 say in relation to 402A with regard to current consecutive sentencing admonishment? So Rule 402A says that the probationer has to be admonished to the sentencing range for the underlying offense for which he's on probation. Rule 402 says that the defendant has to be admonished to the penalty to which he may be subjected because of consecutive sentences. Mr. Jefferson? Thank you. What do you make of the language in 402A-D where it specifically addresses what language from 402 applies? Your Honor, I don't have the rule in front of me. Okay. I've got it handy. It says that the provisions of Rules 402-D, E, and F shall apply to proceedings on a petition to revoke probation, conditional discharge, or supervision, which D, E, and F of Rule 402 have nothing to do with consecutive versus concurrent sentencing. So not only does it not require the judge to admonish as to that, when it addresses what portions of 402 apply, it does not mention application of the language that you're suggesting the judge should have admonished your client regarding. Correct. And again, Rule 402-A does not explicitly require that the trial court tell the probationer in every instance that consecutive sentencing is a possibility. It doesn't require the trial court to tell the probationer about kind of the outer limits of the consequences that he could suffer as a result of the admission. But again, even Rule 402 doesn't require a trial court to admonish a defendant pleading guilty about the possibility of consecutive sentences in every instance. Now, what does the language in 402-A2 mean when it says the minimum and maximum sentence prescribed by law, including when applicable, the penalty to which defendant may be subjected because of prior convictions or consecutive sentences? What does that mean? It means that when a trial court is aware that consecutive sentences are a possibility. I think the case law interpreting 402 is instructive, and it's the difference between Butler and laws. In Butler, the trial court accepted two guilty pleas in two different cases on the same day and sentenced the defendant to probation, but didn't tell the defendant that if probation was to be revoked in those cases, there's a possibility that he could be essentially doubled up on the maximum term to which he was admonished. The appellate court said, that's the purpose of the language in 402. And in laws, we have the same scenario, but the unrelated offense was unknown to the trial court at the time it accepted the guilty plea. In that instance, we did have compliance with 402. The trial court's knowledge is critical to 402 and 402-A. The trial court knew that Mr. Lingo was serving at least one prison sentence at the time it accepted the admission. And we know that because the trial court recognized right out of the gate at the admission hearing that Mr. Lingo was in IDOC custody. And then he gives this kind of strict admonishment, this strict reading of the possible prison sentence for a Class III felony, which is two to five years. And based on that, there's no way that Mr. Lingo would have known that any prison sentence, on this record, there's no way that Mr. Lingo would have known that any prison sentence imposed in this case could push him out beyond the seven-year term that he was serving. Again, there's kind of this like common-sense position that Mr. Lingo or anybody in his position who's already serving a seven-year prison sentence and then is told, you know, the most you can get is five years. The conclusion that one would draw is, well, hey, I can't do any worse than I already have by admitting the petition. And then the court says, yeah, you're going to serve not five but three years, but it's going to be consecutive to the seven-year sentence that you're serving. And so in that instance, an ordinary person in Mr. Lingo's shoes would not have known, would not have been on notice about the cover letter. Mr. Jefferson, I mean, as pointed out by opposing counsel, you rely completely on cases that analyze a plea of guilty. They don't involve a violation of probation and resentencing based on that. Were you able to locate any case law that indicated that the trial court should admonish the defendant in the way that you suggest during a violation of probation admission? There's no such case that I'm aware of, Your Honor. But as this court has pointed out, as the second district has pointed out, the 402 and 402A, even if not identical, are somewhat coextensive. And the case law interpreting 402A or 402 is instructive and often applicable to interpreting Rule 402A. Mr. Jefferson, may I ask a question of you here? Let's assume that you were able to convince us that it was error for the trial court to not admonish regarding consecutive sentences. How does Mr. Lingo establish he was prejudiced in this case? Certainly. So I think the prejudice is clear, just as a baseline. He's serving a sentence that exceeds the one to which he was admonished. He's serving a 10-year aggravated sentence. He was admonished to five. He was in for seven. Again, I would return to that. Well, in the trial court, what did he say he would have done had he been correctly admonished? On this record, we don't know. He admitted the petition, but I would argue it's really the state's burden to prove that it's harmless. And I think it's what your Honor is alluding to. And on this record, there's nothing to suggest that Lingo didn't have a defense. There's nothing to suggest that he couldn't have or hasn't raised, hasn't appealed those convictions or that they still stand. I want to be clear on something. Are you saying that Mr. Lingo does not have the burden on appeal of establishing both error and prejudice that resulted? He has the certainly he has the burden of showing. I apologize if I misspoke. Certainly has the burden of persuading this court that real prejudice occurred. OK, so let's stick with that. What is the claim prejudice here? How would it have been different? How is he arguing on appeal? It would have been different. On this record, we don't know. And the reason we don't know is. Again, if if Mr. Lingo serving, which he was, he's serving seven years. He's told the worst that he can do is five years. His conviction for home repair fraud stands regardless. There's really just no reason for him to raise a challenge to. To the petition to revoke in that instance. And so we don't we don't we just don't know on this record what defenses he had. To the petition. Mr. Jefferson, what challenge was he going to raise? It's based on two convictions that he's currently serving time for. What's his defense to that? Certainly, again, on this record, we don't know what the defense was because there was no reason for him to potentially raise it. It's it's again back to this baseline. If he's serving seven and he's told the worst he can do is five. Then there's not there's no reason for him to raise a challenge to the to to the petition. No reason for him to say, you know, I'm challenging these these convictions, you know, have these collateral effects that could, you know, result in a post-conviction petition. And ultimately get them overturned. It's. At bottom, this is about this is about fairness. Trial court didn't tell him that he could serve more than the five years pushed out more than seven years. That he's already serving. And now he's serving a 10 year aggregate sentence, having having admitted the petition, not knowing what the consequences of that would be. And so if there are if there are no further questions, we'd ask this court. Thank you, Mr. Lingo's admission to the petition and remand for further proceedings. Thank you, Mr. Jefferson. You'll have an opportunity on rebuttal. This McLean. You're muted, Miss McLean. Thank you. If we have a court counsel, neither Supreme Court rule for to a nor due process required the trial court to admonish defendant of possible consecutive sentences prior to accepting his admission to the petition to revoke. In Hall, the Supreme Court stated that, among other things, due process required that the court admonished defendant of the sentencing range for the underlying offense. Subsequently, the Supreme Court rule Supreme Court drafted Supreme Court rule for to a which requires admonishment regarding the sentencing range for the underlying offense for which the defendant is on probation. It doesn't say anything about consecutive sentences conspicuous conspicuously. Very different from rule for to the Supreme Court decided Hall and drafted for to a without saying anything about consecutive sentences, even though it include the consecutive sentence language in rule for to a for to and decided people visit versus gazelle in 1995, which is directly on point to the facts of this case. In addition, for to a for to contains language regarding consecutive sentence admonishments, even though the court need only admonish consecutive sentences. If the court is aware of other prison sentences and for to a contains no language, even remotely addressing consecutive sentences. In the gazelle case, the facts are very similar to the case we have here. In justice Nichols in his concurrence directly specifically address whether due process requires a trial court to admonish a probationer of the possibility of consecutive sentences prior to the probation or admitting a petition to probation and justice Nichols found that defendant was afforded more than the minimal requirements of due process. Justice McLean Mr. Jefferson says is briefed gazelle is inapplicable because it predates rule for to a and therefore terms on an incomplete analysis of due process for probation revocation proceedings. I think that it's significant that gazelle was decided before the Supreme Court drafted on Supreme Court rule for to a and then even though there was gazelle out there, Supreme Court did not even put consecutive sentences in there. I think that is the significance of gazelle  In this case, as in gazelle any possible confusion about defendant sentencing exposure was immaterial to the outcome of the case. The outcome would not have changed because defendant had no defense to the petition to revoke probation defendant had already been convicted and sentenced on the other cases. The state recommended a five year consecutive sentence and defendant received a three year sentence reversal and remand for a new revocation hearing would change nothing and would be a waste of judicial time and manpower. And contrary to my opponent's Argument, I believe that defendant bears the burden of proof. That improper admonishment cause prejudice or denial of real justice and the state does not have that burden and we would assert that defendant has not met that burden in this case. So it's a two prong argument. We would argue that due process was complied with your here and there is no no prejudice. Are there any any other questions. I see none. Thank you, Miss McLean. Thank you, Mr. Jefferson rebuttal. So initially Regarding gazelle gazelle pre real forward to a pre rule for free free call. There's really nothing to interpret in gazelle The state points to just Nichols Concurrence and it's true that there that he found no law requiring Second sentences, but there's no rule or law. Specifically requiring what a probation or needs to be told at the time that gazelle was decided so Of course, he couldn't find a rule because there was no Well, let's take a look at that for a second. But what they had available time then were due process arguments. Right. Correct. Okay. So taking that into consideration that that predating the 402 a Arguments with regard to the adequate admonition of probationers had to be based on essentially due process. The Supreme Court, then provides 402 a and they do so after gazelle is out there. Why doesn't that seem to buttress Miss McLean's argument that obviously they had to have taken the case into consideration, they explicitly left out the language that you wish they had put in there. And for that reason, it's not necessary. No, I'm sorry. There's no indication in Hall or rule 402 that the Supreme Court took gazelle into consideration. The committee notes and They just weren't aware of it when they fashioned the rule. I certainly not suggesting that they were not aware of it. I'm saying they didn't explicitly taken into consideration and we know that they didn't The best indication with the committee notes and the committee notes simply say that the rule is designed to give effect to Hall. There's nothing about because Well, Mr. Jefferson, when we take a look at Hall, which of course Also addresses the issues we're dealing with today. The Supreme Court talks about a case in in that case called peer and they talk about the fact that In peer will following peer that there was some notion that they had broadened what was required as far as admonishments out of probation violation. And they went on to say in Hall that they were merely expressing the view that due process required that a defendant's admission must be voluntarily made. And then they also went on to say in Hall and talking about peer and its application. We concluded that due process concerns did not necessitate rule 402 admonitions for defendants admitting probation violations. So where does that Lead you It's, it's correct. So peer gives us a very broad Scope of direction to trial. It's been kind of whirled away. And then gazelle Our Supreme Court overturned this court's opinion. Saying that will borrow to admonishments. Were required I think, I think my point is That even if it's not explicitly in the In this case where the trial court knew what would happen or knew what could happen. And then neglected to tell Mr lingo that he could be settled with an extra three years on his prison sentence. It didn't comply with due process. It's, it's, it's a fairness argument. It's, he just would not have known Based on the trial courts admonishment. That he'd be serving 10 years not a total of seven. And it's And so even though it's not explicitly required In this case, it fairness required that he be that he be told about consecutive sentence. And when I was talking about peer earlier, I should have said it in hall. They talk about peer and they talk about That the fact that they reviewed the language, the broad language in in peer in the beard case. And it's the beard case that says that The Supreme Court that due process is not necessarily implicated if we don't have the admissions that you're suggesting your client should have received I'm out of time. You can answer. Yeah, so It's not required in every case. Again, the trial court new in this case. Even though it's not explicitly required When when he's already serving a prison sentence of seven and he's told the most you can get his spot. And then lines up with a 10 year sentence and your aggregate sentence. Even though the role doesn't say so fairness fairness required that the trial court tell him, hey, You could land up with an aggregate sentence beyond what you're serving And Thank you. Thank you. Thank you, counsel, the court to take this matter under advisement court stands and recess.